IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOMOKO FUNAYAMA, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 12-5406 |
| | : | |
| NICHIA AMERICA CORP, | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                              September 4, 2014

This case is "déjà vu, all over again."[1]  It is the second action brought by Tomoko Funayama against Nichia America Corporation, alleging discrimination.  See Funayama vs. Nichia Am. Corp., 482 F.App'x 723 (3d Cir. 2012).  In Ms. Funayama's 2008 action, I granted summary judgment on behalf of the defendants.  Id.  In the present case, I granted the defendant's motion to dismiss and declined to exercise supplemental jurisdiction over the plaintiff's state law claims.  See Funayama vs. Nichia America Corp., 12-cv-5406, 2014 U.S. Dist. LEXIS 34072 (E.D. Pa. March 14, 2014).  Additionally, I found "that amending the complaint would be futile" because the plaintiff's claim was barred by the doctrine of *res judicata*, the relevant statutes of limitations, and for failure to establish a *prima facie* case of discrimination.  Id. at *2.  Undaunted, Ms. Funayama filed a motion for reconsideration, which I denied.  She appealed that decision to the United States Court of Appeals for the Third Circuit.  See Document #18.

---

[1]  Yogi Berra, The Yogi Book 9 (Workman Publishing Company, Inc., 1998).

Undeterred by my findings and rulings, and apparently unwilling to wait for the Court of Appeals, Ms. Funayama filed the current motion for leave to amend her complaint. Specifically, she seeks to allege "additional facts that are not newly developed[,] but are of [a] more explanatory nature." See Document #20. These facts come in the form of employment documents and deposition excerpts from Ms. Funayama's 2008 action against the defendant. For the following reasons, I will deny the plaintiff's motion for leave to amend the complaint.

## I.  BACKGROUND[2]

The plaintiff's complaint alleges sex discrimination in compensation and "pay disparity stemming from her hidden employment status." See Compl. at ¶ 3. Ms. Funayama alleges that Nichia "maliciously concealed" her employment status as an expatriate. Id. at ¶ 14. Nichia defines expatriate employees as employees hired in Japan then dispatched from head offices to work in foreign countries for a period of time. Expatriate employees are compensated significantly more than locally hired employees. Expatriates receive additional fringe benefits and a salary in both Japan and their current country of employment. Ms. Funayama alleges that the concealment of her "true employment status" was the result of an intentional effort to "set her apart from other male[3] employees." Id. at ¶ 18. The plaintiff's complaint alleges three separate counts

---

[2]  As both parties are intimately familiar with the facts of this case, I have included only the background information relevant to deciding the Plaintiff's Motion for Leave to File an Amended Complaint. A complete accounting of the facts of this case can be found at Funayama vs. Nichia America Corp., 12-cv-5406, 2014 U.S. Dist. LEXIS 34072 (E.D. Pa. March 14, 2014).

[3]  I assume Ms. Funayama means "other employees, who are male."

against the defendant. In her first count, the plaintiff seeks a myriad of damages under the Lilly Ledbetter Fair Pay Act of 2009 "as amended by [the] Equal Pay Act." Id. at ¶ 16-18. The other two counts are grounded entirely in state common law. Id. at ¶ 19-24.

Ms. Funayama alleges that the defendant's Japanese headquarters hired her in 1995 with the intention of dispatching her to Nichia America. See Document #4. The defendant secured a work visa for Ms. Funayama stating her job description and annual salary of $35,000 plus $10,000 in allowances and benefits. See Compl. at ¶ 11. According to Ms. Funayama's complaint, all other expatriates hired in Japan and dispatched to Nichia America were Japanese males who were compensated in accordance with the previously mentioned expatriate dual salary and fringe benefits. Id. at ¶12. As the only female expatriate, Ms. Funayama alleges that she was under the "fraudulent belief perpetrated upon her" by the defendant that she was a locally-hired employee, and therefore, not entitled to the same benefits as her male counterparts. Id. at ¶ 13.

The plaintiff alleges that the defendant's fraudulent representation is evidenced by the defendant's practice of handing empty bonus check envelopes to the male Japanese employees in order to prevent the American employees from discovering that there were two separate employment statuses. Id. In addition, the plaintiff refers to a deposition of Nichia America's President, Mr. Kuboniwa, from the 2008 action as further evidence of the defendant's fraudulent representations. Id. at ¶ 14. In the deposition, Mr. Kuboniwa answered "I think so" in response to the question, "[w]as the [p]laintiff an expatriate?" In a later deposition, Mr. Kuboniwa clarified that he was mistaken in the earlier interview, and that Ms. Funayama was in fact a locally-hired employee. See Document #10-1. The

3

complaint alleges that Ms. Funayama discovered this concealment of her "true expatriate status" in early November 2010 when she "received internal Nichia Japan employment/personnel documents that had been concealed from her since there [sic] production in 1995." See Compl. at ¶ 14.

The plaintiff insists that she was continuously denied her rightful compensation and expatriate benefits that were afforded to the male Japanese expatriates. She has now moved to amend her original complaint to add "explanatory" facts. See Document #20. These facts come in the form of handwritten notes translating the previously provided organizational chart issued by Nichia.[4] Id. at 10. In addition to the organizational chart, Ms. Funayama seeks to add excerpts from the second deposition of Mr. Kuboniwa that had been absent from her original complaint, as well as, a number of immigration documents relating to her work visa. Id. Ms. Funayama alleges that the addition of these explanatory facts show that she did not discover the alleged "malicious concealment" of her employment status until early November 2010.

## II. STANDARD FOR POST-VERDICT MOTIONS FOR LEAVE[5]

Whether to grant a motion for leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure is left to the sound discretion of the trial judge. Gay v. Petsock, 917 F.2d 768, 772 (3d Cir.1990). However, when the motion to amend is filed after the

---

[4] The handwritten "re-notations in English" are purported to be a translation of the Japanese characters contained in Nichia America's organizational chart; however, the translation appears to have been written by Ms. Funayama leaving the court, yet again, without an official translation of the organizational structure. In addition, the notes appear to be photocopied incorrectly with a few words either missing or cut off on the edge of the document.

[5] The timing of this motion is unconventional because I have already dismissed Ms. Funayama's complaint and denied her subsequent motion for reconsideration. See Documents #13, 14, 21.

district court has entered a judgment, "the liberality" of Rule 15 no longer applies. Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002). In keeping with the judicial "philosophy favoring the finality of judgments and expeditious termination of litigation[,]" any post-verdict motion to amend must be evaluated under Rule 59(e) or Rule 60(b) which governs the opening of final judgments. Id. at 208. While in this case the motion to amend was filed under Rule 15(a), not Rule 59(e) or Rule 60(b), a court may "re-characterize the motion to amend to match the substance of the relief requested."[6] Id. Upon such re-characterization, the court may "conjoin the Rule 60(b) and Rule 15(a) motions to decide them simultaneously, as it 'would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend.'" Id. at 209 (quoting 6 Wright et al., Federal Practice & Procedure § 1489, at 695). "Thus, the fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying a motion to amend under Rule 15(a) and for refusing to reopen the judgment under Rule 60(b)." Id.

Under Rule 15, "leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227

---

[6] Ms. Funayama is a *pro se* plaintiff, and I must liberally construe her pleadings and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Because the plaintiff filed the motion outside of the ten days provided by Rule 59(e), I will review the motion under Rule 60(b).

5

(1962)). Delay is undue where a plaintiff attempts to re-plead facts which could have earlier been pleaded. See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citing Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654-55 (3d Cir. 1998)). "A finding of dilatory motive is justified where the plaintiff acts 'in an effort to prolong litigation.'" Breyer v. Meissner, 23 F. Supp. 2d 540, 542 (E.D. Pa. 1998). Such efforts are apparent when the motion attempts to plead additional information that was previously available, and the plaintiff fails to provide an explanation as to why the information was not included in the original complaint. Id. at 243 (citing Scattergood v. Pearlman, 945 F.2d 618, 627 (3d Cir. 1991)). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. Jablonski, 863 F.2d at 292.

## III. DISCUSSION

In light of the relevant standard and the ensuing analysis, I find that Ms. Funayama's post-dismissal motion for leave to amend is futile because her complaint is barred by the doctrine of *res judicata* and the relevant statute of limitations, and for failure to establish a *prima facie* case of discrimination. In addition, I find that the motion is based on dilatory motive and will create undue delay.

### A. Amendment is Futile

Ms. Funayama argues that she should be granted leave to amend her complaint because the supporting documents she intends to submit will show that her claim is not barred by the doctrine of *res judicata*, the relevant statute of limitations, or for failure to

establish a claim upon which relief may be granted.  See Document #20.  Essentially, it is the plaintiff's position that the supporting documentation is sufficient to overcome the court's dismissal of her complaint.  However, as I found in the memorandum granting the defendant's motion to dismiss, "amending the complaint would be futile." Funayama vs. Nichia America Corp., 2014 U.S. Dist. LEXIS 34072, *2.  Further, the plaintiff's proposed amendments to her complaint would be futile for the same three reasons her complaint had been dismissed in the first place.  Id.  None of the factual allegations Ms. Funayama seeks to add to her complaint will cure its flaws.

    1. *Res judicata*

I dismissed the complaint Ms. Funayama seeks to amend because the defendant adequately demonstrated the three elements necessary to prevail on a defense of *res judicata.*  Id. at *12.  Once again, the three elements required to invoke the defense of *res judicata* are: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action. Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).  Ms. Funayama's 2008 action against defendant Nichia was based on the same employment relationship and alleged discrimination as the current complaint Ms. Funayama seeks to amend.[7]  See Funayama v. Nichia Am. Corp., 482 F.App'x 723, 724 (3d Cir. 2012).

To be clear, the parties are the same and the claims are the same.  In fact, Ms. Funayama seems to understand this not so subtle point.  She admits in her brief that she

---

[7] In the interests of brevity and efficiency, I will not repeat the discussion of *res judicata* at Funayama vs. Nichia America Corp., 2014 U.S. Dist. LEXIS 34072, *12-19.

"maintains the counts and allegations against the same defendant from the original complaint."  See Document #20.  Ms. Funayama further explains that the proposed amendments will merely add explanatory facts to the existing complaint.  Id.  These explanatory facts, interesting though they may be, will not alter the reality that this is the same case involving the same people.  The complaint will not be altered, only supplemented, and this will not cure the plaintiff's *res judicata* problem.  "Any attempt to amend this Count would be futile because a claim extinguished by *res judicata* 'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of transactions, out of which the action arose[.]'"  Restatement (Second) of Judgments § 24(1).

      2. Statute of Limitations

Claims under the Fair Pay Act must be brought within two years of the last issued discriminatory paycheck.  See 29 U.S.C § 255, 626(d)(3).  As a general rule, the statute of limitations begins to run when the plaintiff's cause of action accrues.  In some cases, the plaintiff may be unaware of the alleged unlawful discrimination.  Under such circumstances, the statute of limitations begins to run when the plaintiff discovers or should have discovered through reasonable diligence that the unlawful discrimination had occurred.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).

Ms. Funayama creatively argues that her complaint is not untimely because she was unaware of the "long ongoing fraud against the [p]laintiff which she only discovered through Mr. Kuboniwa's September 21, 2010 deposition testimony and confirmed when

she received from an unknown source the 'hard evidences' of the said 'fraud.'" See Document #20 at 6. The plaintiff appears to be asserting the discovery rule as a means to circumvent the statute of limitations. Ms. Funayama's assertion that she discovered the alleged discrimination in 2010 is precisely the same argument that I have already dismissed, and her assertions here are disingenuous in light of her testimony in the 2008 action, as outlined in my memorandum dismissing her complaint:

> Ms. Funayama was fully aware of the defendant's compensation model at the time of the commencement of the 2008 action. In that case, she alleged that, although her job was substantially equal with respect to skill, effort, and responsibility to that of her male supervisor as of September 2003, her supervisor received substantially more in compensation than she did. See Compl. ¶ 11, and Am.Compl. ¶ 13 of 2008 action. Ms. Funayama's knowledge of the defendant's compensation model was verified repeatedly during the course of her September 15, 2009 deposition in the 2008 action. She testified that, at the time of her hiring in 1995, she was assigned to the position of Business Coordinator/Accountant in the defendant's Mountville Accounting Department where she "managed payroll and company benefits." See Document #9-1 at 56. She further testified that when she was promoted to Assistant Financial Manager in 1998, she was responsible for day-to-day accounting, payroll management, and employee benefits. Id. at 57. Ms. Funayama was again promoted to the position of Financial Manager in 2004, and testified that she managed "day-to-day accounting and month in closing, semi-annual outside auditing firm reviews and audits, reports, analysis" and "was still managing payroll then and employee benefits." See Document #9-1 at 59. Ms. Funayama testified that she had a general idea of the raises that other employees received when she was managing the defendant's payroll because she knew "all the raw data of the payroll." Id. at 90. The only employee in the Accounting Department who earned more money than she when she was the

>Financial Manager was Mr. Ujike, her direct supervisor. Id.
>
>I also note that Ms. Funayama testified at that same deposition that, at least as early as the winter of 2004, she had conversations with Ms. Calder, a co-worker, about the defendant's treatment of women in the workplace. When asked what were the common complaints, Ms. Funayama stated:
>
>> "That I told her no matter how hard I work, I don't get the deserving salary and promotion because I'm a Japanese woman in Japanese company."
>
>Id. at 87-88. Given Ms. Funayama's testimony of her knowledge of the defendant's compensation and benefits model during the course of her tenure with the company, there is no question that she was aware or, through reasonable diligence, should have been aware as early as 2004, that she did not receive certain compensation and benefits received by the employees who had been sent by the defendant's Japanese parent corporation to work in the United States at Nichia America. Thus, the discovery rule brings no relief to Ms. Funayama's claim which was filed on October 2, 2012, long outside of the statute of limitations applicable to Equal Pay Act claims. Accordingly, even if the doctrine of *res judicata* did not bar Ms. Funayama's Equal Pay Act claim, it would still be untimely.

Funayama vs. Nichia America Corp., 2014 U.S. Dist. LEXIS 34072, *21-23. I dismissed the discovery rule argument based on the fact that Ms. Funayama was fully aware of the two separate classes of employees and, as the Financial Manager for Nichia America, she had full access to the payroll data at the beginning of the 2008 action. In fact, it is obvious that Ms. Funayama was well aware of the defendant's alleged fraud against her from as early as 2004. The additional factual allegations Ms. Funayama wishes to add to

her already dismissed complaint simply provide evidence to bolster a complaint that is clearly barred by the two-year statute of limitations.  The addition of Mr. Kuboniwa's second deposition, annotated organizational chart, and work visa documentation do not refute my earlier finding that Ms. Funayama was "most definitely" aware of the alleged discrimination before November 2010.  Id.  Therefore, even if Ms. Funayama were able to overcome the defendant's successful defense of *res judicata*, amending the complaint would still be futile due to the two-year statute of limitations on claims under the Equal Pay Act.

### 3. *Prima Facie* Case

From the start, Ms. Funayama could not plead a *prima facie* case of discrimination.  Her additional factual allegations do not cure that very basic flaw in her case.  The amendment would be futile, to be sure.  In order to state a *prima facie* case under the Equal Pay Act, a plaintiff must show that employees of the opposite sex are paid differently for performing equal work.  See Staniziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).  I dismissed Ms. Funayama's complaint for failure to state a *prima facie* case because the complaint did not provide the name of any male employee of the defendant who had been paid more for equal work.  Funayama vs. Nichia America Corp., 2014 U.S. Dist. LEXIS 34072, *25.

While the organizational chart of Nichia America included in the plaintiff's motion to amend now shows the names of her fellow managers and indicates whether they are male or female, the plaintiff has again failed to allege that her male counterparts perform equal work for more pay.  According to Ms. Funayama's testimony in the 2008

11

action, Ms. Funayama was the third highest paid employee at the Lancaster location with the exception of the sales persons.  Ms. Funayama continues to argue that Mr. Ujike was not her manager and that they were "parallel and equal" as indicated on the Nichia organizational chart.  However, further examination of Ms. Funayama's testimony in the 2008 action reveals that Ms. Funayama admitted that Mr. Ujike's job duties differed from hers.  Id. at *24-25.  Mr. Ujike's duties had more emphasis on credit management of the customers and inventory, and cost accounting, whereas Ms. Funayama had direct involvement in payroll and employee benefits that Mr. Ujike did not.  Id.  Mr. Ujike's "duties required far more skill and responsibility[,]" and as such, Ms. Funayama was not performing equal work.  Id.

     Ms. Funayama's proposed factual enhancements to the complaint fail to cure the deficiencies described above and in the previous memorandum dismissing the complaint. Under these circumstances, amending the complaint would be futile because Ms. Funayama would still be unable to establish a *prima facie* case of discrimination.

     **B.  Dilatory Motives and Undue Delay**

     Delay is undue where a plaintiff attempts to re-plead facts which could earlier have been plead.  See Cureton, 252 F.3d at 273 (citing Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654-55 (3d Cir. 1998)).  Additionally, "a finding of 'dilatory motive' is justified where the plaintiff acts 'in an effort to prolong litigation." Breyer, 23 F. Supp. 2d at 542.

     Ms. Funayama admits that the documents she seeks to add to the complaint were given to her from an "unknown source" during the course of litigation in the 2008 action.

See Document #20 at 6.  Ms. Funayama also states that the additional factual allegations "are not newly developed."  Id. at 1.  While Ms. Funayama is a *pro se* litigant and her pleadings will be liberally construed, the extensive legal proceedings between Ms. Funayama and the defendant belie her alleged inexperience.  Ms. Funayama not only appealed this court's grant of summary judgment in favor of Nichia in her 2008 action, but when she received an unfavorable decision from the Court of Appeals, Ms. Funayama submitted a petition for writ of *certiorari* to the United States Supreme Court.  Funayama v. Nichia Am. Corp., 133 S.Ct. 1820 (2013).  That petition was unsuccessful.  Id.  In addition to the current motion for leave to amend, Ms. Funayama earlier filed a motion for reconsideration which I denied, and a notice of appeal.  See Documents #16 & 18.  In short, Ms. Funayama demonstrates a certain level of sophistication, she knows her case well, she has had full access to all facts, material or otherwise, relating to her case and she has had full access to all pertinent documents for several years.  The factual allegations Ms. Funayama seeks to add to her complaint were available to her at the time she filed the initial complaint.  Accordingly, I will deny the plaintiff's motion for leave to amend the complaint.

      An appropriate Order follows.